# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| ROBERT DEVENCENZI,<br><br>    Plaintiff,<br><br>v.<br><br>TUCKER, *et al.*,<br><br>    Defendants. | Case No. 3:22-CV-00353-CLB[1]<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF No. 45] |

This case involves a civil rights action filed by Plaintiff Robert Devencenzi ("Devencenzi") against Defendant Robert Lewis ("Lewis"). Currently pending before the Court is Lewis's motion for summary judgment. (ECF No. 49.) Devencenzi responded, (ECF No. 47),[2] and Lewis replied. (ECF No. 48.) For the reasons stated below, Lewis's motion for summary judgment, (ECF No. 45) is granted.

I. **BACKGROUND**

    A. **Procedural History**

Devencenzi is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On August 5, 2022, Devencenzi filed a civil rights complaint under 42 U.S.C. § 1983 for events that occurred while he was incarcerated at the Warm Springs Correctional Center ("WSCC"). (ECF No. 1-1.) The District Court screened the complaint pursuant to 28 U.S.C. § 1915A(a). (ECF No. 5.) The Court found that Devencenzi stated a colorable Eighth Amendment conditions of confinement claim based on the following

---

[1] The parties consented to the undersigned's jurisdiction to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C.§ 636(c) and Federal Rule of Civil Procedure 73. (*See* ECF No. 37.)

[2] Devencenzi filed a "declaration and affidavit of facts", which the Court construes as his response to the motion for summary judgment. (ECF No. 47.)

allegations stated in the complaint: On February 10, 2021, Defendants Tucker[3] and Lewis came to Devencenzi's cell to remove his cellmate for a disciplinary hearing. Devencenzi informed Defendants Tucker and Lewis that he had to urinate. Defendants told Devencenzi that first they had to handcuff him and remove his cellmate. After a verbal exchange in which Devencenzi told Tucker not to be disrespectful, Tucker and Lewis deliberately left Devencenzi with his hands handcuffed behind his back, and Tucker told Devencenzi that he would have to urinate on himself. Devencenzi eventually did have to urinate on himself, and Devencenzi had to remain in his urine-soaked clothing for an extended time. There was no penological purpose to leave Devencenzi handcuffed in his cell, and it was done to punish Devencenzi for his verbal exchange with Tucker. (*Id.* at 5.)

On December 27, 2023, Defendants filed the instant motion arguing summary judgment should be granted because: (1) Devencenzi has not satisfied the subjective element of the deliberate indifference standard; (2) Lewis did not personally participate in the alleged constitutional violation; and (3) Lewis is entitled to qualified immunity. (ECF No. 45.)

### B.     Factual Summary

The following facts are undisputed: On February 10, 2021 at around noon, Lewis came to Devencenzi's cell in housing Unit 4, B wing, cell #10, with another correctional officer, to remove his cellmate for an administrative purpose. (ECF No. 6; ECF No. 45-1 at 3.) Devencenzi was asleep when Lewis entered the cell. (ECF No. 6 at 3.) Both inmates complied with the procedures to be restrained at the cell door. (*Id.*; ECF No. 45-1 at 3.) Lewis removed the cellmate and escorted him away from the cell. (ECF No. 6 at 4; ECF No. 45-1 at 3.) Devencenzi continued to interact with the other correctional officer. (*Id.*) Lewis later returned the cellmate to cell #10 and found Devencenzi still in restraints, having urinated on himself while Lewis and the cellmate were away. (*See id.*) Devencenzi

---

[3]     No proof of service was ever filed as to Defendant Tucker. (*See* ECF No. 49.) Thus, the claims against Tucker were dismissed without prejudice based on a failure to effectuate service pursuant to Fed. R. Civ. P. 4(m). (ECF No. 50.)

sat in urine-soaked clothing for approximately 45 minutes. (ECF No. 47 at 1.) Lewis was unaware of Devencenzi's need to use the toilet before moving the cellmate. (ECF No. 45-1 at 3-4.) Lewis was responsible for the movement of the cellmate, and once he took control, focused on that duty. (*Id.* at 4.)

## II.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claim or claims determines which facts are material. *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Only disputes over facts that address the main legal question of the suit can preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, (1986). The nonmoving must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. *See* Fed. R. Civ. P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The non-moving party "must come forth with evidence from

which a jury could reasonably render a verdict in the non-moving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

When a *pro se* litigant opposes summary judgment, his or her contentions in motions and pleadings may be considered as evidence to meet the non-party's burden to the extent: (1) contents of the document are based on personal knowledge, (2) they set forth facts that would be admissible into evidence, and (3) the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

### III.  DISCUSSION

The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency" by prohibiting imposition of cruel and unusual punishment by state actors. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Inmates may challenge conditions of confinement that are exceptionally cruel. However, "[t]he Eighth Amendment is not a basis for broad prison reform. It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable." *Hallett v. Morgan*, 296 F.3d 732, 745 (9th Cir. 2002) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)). In assessing inmates' claims, "courts must bear in mind that their inquiries 'spring from constitutional requirements and that judicial answers to them must reflect that fact rather than a court's idea of how best to operate a detention facility.'" *Rhodes v. Chapman*, 452, U.S. 337, 351 (1981) (quoting *Bell v. Wolfish*, 451 U.S. 520, 529 (1979)).

To challenge the conditions of confinement at a prison, a plaintiff must make two showings. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 (2007). "First, the plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation." *Id.* This element may be satisfied by

showing a deprivation of essential minimums, such as adequate food, clothing, shelter, or medical care. *Id.* Second, the plaintiff must "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The deliberate indifference element itself involves a two-part inquiry to determine whether the official acted "with a sufficiently culpable state of mind." *Johnson*, 217 F.3d at 731 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The official must have been aware of a substantial risk of harm to the inmate's health or safety, and also must not have had a "'reasonable' justification for the deprivation, in spite of that risk." *Thomas*, 611 F.3d at 1150. Accordingly, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

When considering the conditions of confinement, the Court should consider the amount of time to which the prisoner was subjected to the condition. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314, *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995).

### A.   Analysis

Lewis does not seem to dispute the objective element of Devencenzi's Eighth Amendment conditions of confinement claim, but instead argues that Devencenzi cannot satisfy the subjective element. Specifically, Lewis argues that he did not know, and could not have known, that once he left Devencenzi's cell the other officer would not remove Devencenzi's restraints, resulting in Devencenzi urinating on himself and remaining in his soiled clothing for a short period of time. (ECF No. 45 at 6.) Along these same lines, Lewis argues that Devencenzi cannot show Lewis was personally involved in the alleged constitutional violation. (*Id.*)

///

The undisputed evidence before the Court shows that Lewis was unaware of a substantial risk of harm to Devencenzi's health or safety. *See Thomas*, 611 F.3d at 1150. The undisputed evidence before the Court also shows that Lewis was not personally involved in the incident.

Lewis's declaration filed in support of the motion for summary judgment states, in relevant part, that upon returning to Devencenzi's cell, Lewis found Devencenzi still restrained. Devencenzi told Lewis that he had needed to urinate but was unable to use the toilet during the time Lewis was escorting the cellmate, due to being restrained with his hands behind his back. Lewis was focused on safely escorting the cellmate and was not aware of Devencenzi's need for the toilet before he returned to Devencenzi's cell. Even if Lewis was aware of Devencenzi's need to use the toilet, there were two officers at the cell, and once Lewis had taken physical control of the Devencenzi's cellmate, Lewis was required to direct his attention to the cellmate. (ECF No. 45-1 at 3-4.)

Devencenzi's own complaint and response to the motion for summary judgment confirms that Tucker—who has been dismissed from this action—failed to remove the restraints from Devencenzi, leading to Devencenzi urinating on himself and having to sit in his urine-soaked pants for 45 minutes. (*See* ECF No. 6 at 4; ECF No. 47 at 1.) Devencenzi also confirms through his own statements that Lewis later returned to the cell and found Devencenzi still in restraints, having urinated on himself while Lewis and the cellmate were away. (*See id.*)

When an official is sued under 42 U.S.C. § 1983, the inmate "must show that each defendant personally played a role in violating the Constitution." *Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019), *cert. denied sub nom., Smith v. Schwarzenegger*, 140 S.Ct. 159 (2019) ("inmates must show that each defendant personally played a role in violating the constitution."). "An official is liable under § 1983 only if 'culpable action, or inaction, is directly attributed to them.'" *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011)).

///

Here, the evidence shows Lewis was not present when Devencenzi urinated on himself and only returned to the cell after the incident. There is no evidence that Lewis personally participated in this incident or that he was aware of a substantial risk of harm to Devencenzi—i.e., that he knew of and disregarded a risk that another correctional officer would refuse to remove Devencenzi's restraints to allow him to use the toilet.

For all of these reasons, Lewis has met his burden on summary judgment as he has submitted admissible evidence establishing that he did not disregard a risk to Devencenzi's health or safety and that he was not personally involved in the alleged constitutional violation. The burden now shifts to Devencenzi to establish that a genuine issue of material fact actually exists. Devencenzi must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co.*, 992 F.3d at 897. However, Devencenzi has not provided any facts to show that Lewis knew of *and disregarded* a risk to Devencenzi. Thus, Devencenzi has failed to meet his burden on summary judgment to show an issue of fact that Lewis was deliberately indifferent to Devencenzi's health or safety.

As Lewis has met his burden on summary judgment, and Devencenzi has not established that a genuine issue of material fact exists, Lewis's motion for summary judgment is granted.[4] *Matsushita,* 475 U.S. at 586.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Lewis's motion for summary judgment, (ECF No. 45), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **ENTER JUDGMENT** in favor of Lewis and **CLOSE** this case.

**DATED**: March 4, 2024.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Because the Court finds that Devencenzi's claim fails on the merits, it need not address Lewis's argument regarding qualified immunity.